# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA SUKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-37-STE |
| ) | |
| NANCY BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

### I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-27). The Appeals Council denied Plaintiff's

request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2014, her alleged onset date. (TR. 19). At step two, the ALJ determined Ms. Sukes had the following severe impairments: obesity; arthropathies; disorder of the nervous system; and degenerative disc disease. (TR. 19). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ concluded that Ms. Sukes had no past relevant work, but retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except the claimant is only able to frequently stoop, and frequently handle or finger with her left hand.

(TR. 21, 25). At the hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 58, 59, 61). Given the limitations, the VE identified six jobs from the Dictionary of Occupational Titles. (TR. 59-60). The ALJ adopted the testimony of the VE and concluded at step five that Ms. Sukes was not disabled based on her ability to perform the identified jobs. (TR. 26).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) error in the consideration of "other source evidence" resulting in a lack of substantial evidence to support the RFC and (2) the omission of additional limitations in the RFC.

## V. ERROR IN THE CONSIDERATION OF "OTHER SOURCE" EVIDENCE

Plaintiff alleges error in the evaluation of an opinion from physical therapist, Himanshu Samantaray.[1] According to Ms. Sukes, the ALJ failed to properly evaluate Mr. Samantaray's evidence which: (1) should have resulted in additional limitations in the RFC and (2) rendered the RFC lacking in substantial evidence. The Court agrees that the ALJ erred in evaluating the evidence, but the Court refrains from addressing the remaining

---

[1] Plaintiff characterizes the error in failing to properly evaluate a medical opinion from treating physician, Dr. Derek West. (ECF No. 15:7-9). But the evidence at issue, although signed as "certified" by Dr. West, is actually a report from physical therapist, Mr. Samantaray. (TR. 333, 336).

3

allegations, which could be affected by correction of the legal error on remand. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

### A. ALJ's Duty to Consider Evidence from "Other Sources"

Tenth Circuit law and Social Security Ruling 06-3p state that the ALJ must consider evidence from "other sources," who do not qualify as "acceptable medical sources." *Blea v. Barnhart*, 466 F.3d 903, 914-15 (10th Cir. 2006); Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *4, *6 (SSR 06-3p). "Medical sources who are 'not acceptable medical sources,' [include] . . . therapists[.]" SSR 06-03-p, at *2.

Opinions from these "non-medical sources" who have seen the claimant in an official capacity should be evaluated using the following factors: (1) the length and frequency of the treatment, (2) consistency of the opinion with other evidence, (3) the degree to which the source presents relevant evidence in support, (4) how well the source explains the opinion, (5) the level of the source's expertise, and (6) any other relevant factors. *Id.* at *5.

In evaluating "other source" evidence, not every factor will apply in every case. *Id*. However, the ALJ should explain the weight given to the "other source," ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. *Id.* at *5-6.

## B. "Other Source" Evidence from Mr. Samantaray

In 2008, Plaintiff fractured her left forearm in motor vehicle accident which resulted in plates and screws being surgically implanted in her left arm. (TR. 281, 313). In April 2016, Plaintiff began treatment with Dr. West for evaluation of left wrist pain. (TR. 317-319). On April 29, 2016, Dr. West surgically removed the hardware and performed a radial nerve decompression and local neurolysis on Plaintiff's left arm. (TR. 320-321). Nine weeks post-op, Dr. West referred Plaintiff to physical therapy (PT) because she was still suffering pain in her left arm. (TR. 329-330). At an August 2, 2016 PT appointment, therapist Mr. Samantaray examined Plaintiff and noted that her:

- supination left-sided forearm strength was 2/5;
- pronation left-sided strength in her forearm was 3/5;
- left wrist flexion was 3/5;
- left wrist extension was 3/5;
- left-sided ulnar deviation was 3/5;
- left-sided radial deviation was 3/5;
- grip strength in "dynamometer position #2" was "15" with a goal of "40;"
- "3-point grip pinch strength" was "6" with a goal of "10;"
- "2-point grip pinch strength" was "4" with a goal of "8;" and
- "lateral pinch grip strength" was "4" with a goal of "12."

(TR. 333, 336). Mr. Samantaray summarized the examination findings by stating: "[Plaintiff's] [active range of motion] in left wrist and forearm [supine] are limited,

5

however [passive range of motion] are more than the [active range of motion]. Left hand grip and pinch strengths are severely impaired too." (TR. 333, 336).

### C.     Error in the Consideration of Mr. Samantaray's Opinion

In the decision, the ALJ recognized the PT record and stated: "At that visit, there were no reports of numbness, sensory loss, or tingling, but [Ms. Sukes] did have decreased grip strength in the left hand." (TR. 23). The ALJ did not thereafter comment whether he had accepted or rejected Mr. Samantaray's evidence or whether the evidence had impacted the RFC. Ms. Sukes argues: (1) the ALJ did not properly specify the weight he had accorded Mr. Samantaray's opinion, (2) the failure to properly evaluate the opinion renders the RFC lacking in substantial evidence, and (3) the evidence itself supports a finding of "more severe" limitations in the RFC regarding Plaintiff's ability to "finger and handle" and additional limitations related to her poor range of motion in the left wrist and inability to effectively grip. The undersigned: (1) agrees regarding the ALJ's legal error in the consideration of the PT evidence and (2) will abstain from addressing the remaining allegations.

As stated, the SSA has mandated that the ALJ explain the weight given to any "other source," evidence ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. SSR 06-3p, at *5-6. Here, although the ALJ recognized Mr. Samantaray's finding of "decreased grip strength" in Plaintiff's left hand, he ignored:

- the findings regarding Plaintiff's decreased strength in her left forearm;
- the findings regarding Plaintiff's limited range of motion in her left wrist; and

6

- Mr. Samantaray's opinion that Plaintiff suffered from "severely impaired" left hand grip and pinch strength.

(TR. 333, 336). These findings were critical because aside from "fingering" and "handling" they could have affected the RFC for light work. *See Ledford v. Barnhart*, 197 F. App'x 808, 811 (10th Cir. 2006) ("reduced grip strength may affect lifting, carrying, pulling, manipulative, or handling functions.") (citing 20 C.F.R. § 416.945(b)). In addition to ignoring a portion of the evidence, the ALJ did not explain what weight, if any, he had accorded the evidence.

Ms. Berryhill presents five arguments in defense of the ALJ's decision, but none of the arguments have merit.

First, Defendant contends that because the ALJ discussed the reduced grip strength and assessed an RFC for frequent "handling" and "fingering," the Court should "take [the ALJ] at [his] word when it declares that is has considered a matter." (ECF No. 18:8) (citation omitted). But this argument overlooks the fact that the ALJ ignored a critical portion of Mr. Samantaray's opinion and failed to explain the weight he had accorded it.

Second, the Commissioner states: "Indeed, the ALJ's RFC assessment was more restrictive than the opinions of Dr. Boatman and Dr. Painton (the State agency physicians), who both opined that Plaintiff did not have any manipulative limitations." (ECF No. 18:8). While that fact may be true, without an explanation regarding treatment of Mr. Samantaray's opinion, the Court can only speculate regarding the basis for the RFC.

7

Third, Defendant argues that the ALJ's discounting of Plaintiff's subjective statements based on "the relatively mild medical findings and medical opinions" should lead the Court to reject Plaintiff's argument regarding additional limitations in the RFC "because the ALJ included only those limitations that the record supported." (ECF No. 18:8). For three reasons, the Court rejects this argument. First, the ALJ's reference to "relatively mild medical findings and medical opinions" does not indicate that the ALJ had been referencing Mr. Samantaray's opinion when he rejected Plaintiff's subjective complaints. Second, the explanation concerned a rejection of Plaintiff's subjective complaints, not Mr. Samantaray's opinion, and is, therefore, not responsive to the issue of legal error in the evaluation of the PT evidence. And third, as stated, the Court will not, at this time, determine whether the opinion supported the inclusion of additional limitations, prior to a re-evaluation of the evidence. *See supra*.

Fourth, Ms. Berryhill argues that the PT evidence did not contain a "medical opinion" regarding specific work-related limitations, thereby rendering it unnecessary for the ALJ to weigh the PT evidence. (ECF No. 18:8-9). Technically, Defendant is correct that the evidence from Mr. Samantaray does not qualify as a "*medical* opinion." *See* SSR 06-3p, at *2 ("only "acceptable medical sources" can give [ ] medical opinions."). However, the SSA has stated: "Opinions from ["other sources"], who are not technically deemed "acceptable medical sources". . . , are important and should be evaluated on key issues such as impairment severity and functional effects," . . . including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-3p, at *3, *5. And, as stated, the SSA has

8

mandated that the adjudicator generally "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* at *6. Thus, the fact that Mr. Samantaray's opinion did not technically qualify as a "*medical* opinion" does not affect the ALJ's independent duty to consider the evidence and explain his findings.

Finally, the Commissioner states that the step five findings render harmless any error in failing to include more restrictive RFC limitations because three of the step five jobs require only "occasional" "handling" and "fingering." (ECF No. 18:10-11). But this argument: (1) presumes that the Plaintiff could perform "occasional" "handling" and "fingering," a finding which cannot be made absent a proper evaluation of the PT evidence and (2) ignores the fact that Mr. Samantaray's opinion could have affected the RFC for "light" work, in addition to the specific limitations involving "handling" and "fingering."[2]

### D. Summary

Mr. Samantaray examined Plaintiff and rendered specific opinions regarding Plaintiff's left sided forearm strength, wrist extension and flexion, and grip strength. (TR. 333, 336). Based on the examination findings, Mr. Samantaray concluded that Plaintiff's "left hand grip and pinch strength" were "severely impaired." (TR. 333, 336). The ALJ

---

[2] *See supra*.

had a duty to consider the opinion and explain the weight given. The ALJ erred in this regard.

Here, The ALJ acknowledged the PT appointment, noting only a finding of "decreased grip strength in the left hand." (TR. 23). But as discussed, the findings from Mr. Samantaray encompassed more than just grip strength, and the ALJ failed to explain how he had considered the opinion and the amount of weight it had been afforded, rendering the Court unable to follow his reasoning.

The Court could find that the ALJ accorded the evidence great weight as reflected in the RFC which allowed for a limitation to only "frequent" "handling."[3] However, an equally plausible possibility is that the ALJ accorded the PT evidence no weight and simply limited the RFC to "frequent" "handling" based on other evidence in the record. Either possibility overlooks the fact that the ALJ had ignored Mr. Samantaray's findings on Plaintiff's forearm strength and wrist extension and flexion—findings which are relevant to the determination that Ms. Sukes could perform "light" work. *See supra*. Finally, although the PT evidence may support additional limitations in the RFC, that determination should be left to the ALJ on remand, following a proper consideration of the evidence in accordance with SSR 06-03p.

---

[3] "Handling" has been found to encompass "grasping," which, in turn, has been equated with the ability to grip. *See* Social Security Ruling 85–15, Titles II and XVI: Capability to Do Other Work—The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments at *7 (1985) (defining the DOT ability of "handling" as including "grasping"); *Watson v. Barnhart*, 194 F. App'x 526, 530 (10th Cir. 2006) (recognizing that "grip strength" corresponds with ability to "grasp.").

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

ENTERED on August 31, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE